Mary Jane Kemp, now known as Mary K. Rogers, Appellant, v. Charles M. Kemp, Appellee.

Gen. No. 44,130.

Opinion filed November 3, 1947. Released for publication November 18, 1947.

KLOHR & MERRICK, of Chicago, for appellant; HUBERT C. MERRICK and DANIEL J. HALLAHAN, both of Chicago, of counsel.

PAUL F. POMEROY, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal plaintiff seeks to reverse two orders entered by the Circuit court of Cook county on November 29, 1946.

The record discloses that on March 22, 1944, plaintiff, Mary Jane Kemp, filed her complaint against the defendant for a divorce on a charge of desertion; that she be given the care and custody of their two minor children and that the defendant be required to support plaintiff and the children. June 13, 1944, a decree was entered in plaintiff's favor as prayed for, finding that defendant deserted plaintiff May 1, 1942. She was awarded the care, custody, support and education of the two children and that defendant pay alimony and support for herself and the two children during the continuance of his services in the Armed Forces, and $50 per month after the termination of his services for the maintenance of the minor children. More than two years after the decree was entered defendant, on July 3, 1946, filed his verified petition, in which he set up that in the early part of June, 1946, he returned from his military service and on June 29, endeavored to see the children but was advised by the maternal grandparents that plaintiff and the children had moved to Dunlap, Illinois, which is near Peoria, and that by reason of this, defendant was deprived of his right to visit the children. That he was employed in Chicago by the Surface Lines and that he should not be required to pay $50 per month, as the decree provided, when he could not visit the children. The prayer was that the decree be modified so that he would not be required to pay the $50 per month until the children were returned to Chicago.

Plaintiff on July 23, filed her verified answer in which she set up that the ages of the children were 7 and 5 years, and gave their correct names which she alleged were at variance with the allegation of defendant in his petition. The answer further averred that the parties had separated prior to the time he entered

military service; that he had filed a proceeding for divorce in the state of Idaho in which "he requested that the custody of the minor children be awarded to this plaintiff." That the Idaho suit was abandoned and the custody of the children was awarded to her by the Circuit court of Cook county in accordance with defendant's wishes and request. That she had remarried in October, 1945, and was living with her present husband, Rogers, who has a responsible position with the Casualty Company, at Peoria, and that she, her husband and the children lived near Peoria, at Dunlap, Illinois. That the children had resided with their maternal grandparents in Chicago up to June,23, 1946, and since that time have lived with plaintiff and her husband near Peoria. That the children were available for defendant to visit them at all reasonable times; that when he was in the service he was home a number of times on furlough but did not visit the children at all although they lived within 3 or 4 blocks from him. That she and her husband were both employed at Peoria and that she and the children on numerous occasions come to Chicago to the home of their maternal grandparents when defendant may see them if he chooses to do so. Defendant has remarried; that if he asked, the children could visit him at his home; that the $50 per month which the decree required him to pay for the support of the children was inadequate.

September 24, 1946, defendant by leave of court, filed a verified amendment to his petition in which he averred that on September 15 he visited plaintiff's home near Peoria and that it was a wholly unfit and improper place to keep the children. That he had a good home in Chicago where the children could be raised and that he has remarried and his wife is unemployed; that "he is financially well able to care for and have the custody of" the children; that it is to the best interest of the children that their care, custody and education be awarded to him.

November 29, 1946, the court entered the two orders from which plaintiff appeals, the one denying plaintiff's motion for allowance of $150 for attorneys' fees for services rendered in the trial court and for $250 to follow the appeal to this court. In this court plaintiff's counsel has abandoned any claim that the $250 for attorneys' fees be allowed.

In the other order entered on this date by which the decree of divorce was modified, the court decreed "That the two minor children of the parties hereunto shall remain in the custody of the plaintiff." That the defendant shall have the children in his home in Chicago for two full weeks in each of the months of June, July and August and during the Christmas and Thanksgiving school vacation, and "on those week-ends when the defendant shall be free from his employment, commencing with Friday night of such week-ends and ending on Sunday night thereof." That he give plaintiff seventy-two hours written notice in advance when he desires to see the children on week-ends; that the cost of transportation of the children from Peoria to Chicago and return "shall be paid by the defendant only when said children travel by motor coach or railroad coach." That the defendant shall not be obligated to pay any of the costs and expenses of the travel of plaintiff or any other person accompanying the children.

That "the decree of divorce heretofore entered herein be and the same is modified insofar as the payments to the plaintiff for the support and maintenance of the children are set forth therein, the defendant being ordered to pay to the plaintiff the sum of Thirty ($30.00) Dollars on each and every occasion that he shall have said children with him as hereinbefore provided in this order and no further moneys shall be paid by the defendant for support of said children."

The obligation to support the minor children is primarily that of the father's if he is able to

do so.  *Johnson v. Johnson,* 239 Ill. App. 417; *Plaster v. Plaster,* 47 Ill. 290; *Panther Creek Mines v. Industrial Commission,* 296 Ill. 565.  In the last cited case our Supreme court said: "It has been held in this State that in cases where a divorce has been granted with custody of the children to the mother and a gross sum had been allowed her as alimony, such a situation does not release the father from his legal liability to provide the necessary support for his minor children. (*Plaster v. Plaster,* 47 Ill. 290; *Cowles v. Cowles,* 3 Gilm. 435.)  The divorce decree did not affect the legal liability of the deceased to support the son."

In view of the law as stated in the cases above cited and many others, the court erred in its order modifying the decree of divorce which in effect provided that the defendant father need pay no more for the support of the minor children except when he requested that they be brought to Chicago and then he was required to pay plaintiff $30 on each and every occasion.  He admits he was financially able to support the children and he must, under the law, continue to do so.

Since we hold that the order amending the decree insofar as the defendant was relieved from supporting the children must be reversed and the matter remanded, we think we ought to say that if a proper application is made to the chancellor, for the allowance of attorneys' fees for services performed in the trial court, such an allowance should be made upon proper showing.

The orders appealed from are reversed and the matter remanded.

*Reversed and remanded.*

NIEMEYER, P. J., and FEINBERG, J., concur.