**Stella Werbeck, Plaintiff-Appellee, v. John Werbeck, Defendant-Appellant.**

**Gen. No. 50,727.**

First District, Third Division.

May 5, 1966.

Rehearing denied June 9, 1966.

Horace N. Lund, of Chicago, for appellant.

279

No brief filed for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant appeals from two orders entered by the trial court. The first denied his petition to terminate alimony and the second ordered him to pay additional attorney's fees. He complains that the court unreasonably restricted his presentation of evidence and arbitrarily awarded alimony and fixed the plaintiff's attorney's fees without a full disclosure of the parties' incomes and needs.

■ The plaintiff has not met these contentions; no answering brief has been filed by her in this court. Under this posture of the case we would be justified, without further exploration of the merits, in reversing the orders of the trial court. Ogradney v. Richard J. Daley, Mayor, as Local Liquor Control Commissioner, 60 Ill App2d 82, 208 NE2d 323 (1965); 541 Briar Place Corp. v. Harman, 46 Ill App2d 1, 196 NE2d 498 (1964).

■ However, in a situation such as this we may, in our discretion, examine the record to see if an appellant is entitled to the reversal prayed for, or if an injustice would be done an appellee by granting the reversal.

■ ■ Upon examining the record we find that the first order appealed from was entered on August 31, 1964, and the second on December 8, 1964. The notice of appeal from both orders was filed on January 20, 1965. The notice was filed in apt time for the order of December 8th but was filed almost five months after the order of August 31st. This was well beyond the time fixed by statute for perfecting an appeal. Ill Rev Stats, c 110, par 76 (1963). Compliance with the statutory requirement is jurisdictional. Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE2d 139 (1950); Walton v. Winter & Hirsch, Inc., 18 Ill App2d 540, 152 NE2d 602 (1958).

We, therefore, have no jurisdiction to entertain the appeal from this order.

■ There is no transcript of the proceedings which took place on December 8, 1964, when the court ordered the defendant to pay $330 attorney's fees. The order states that the court heard testimony before making its finding. In the absence of the report of this testimony there is a presumption that the testimony justified the order. Jones v. Jones, 48 Ill App2d 232, 198 NE2d 195 (1964); Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559 (1962). The order of December 8th must, therefore, be affirmed.

The appeal from the order of August 31, 1964, must be dismissed. The order of December 8, 1964, is affirmed.

Dismissed in part and affirmed in part.

SULLIVAN, P. J. and SCHWARTZ, J., concur.