William Matyskiel, Plaintiff-Appellant, v. Joseph J. Bernat, Defendant-Appellee.

**Gen. No. 51,345.**

First District, Third Division.

July 6, 1967.

Davis, Dietch and Ryan, of Chicago (Arthur F. Cichorski, of counsel), for appellant.

Liebling, Adelman & Bernstein, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Automobiles owned by William Matyskiel and Joseph Bernat collided in June of 1965 and Matyskiel sued for damages to his car. After a nonjury trial, the court found Bernat at fault, assessed Matyskiel's damages at $175 and entered judgment for that sum.

Bernat, through new counsel, filed a motion to vacate the judgment. The motion alleged that: Matyskiel was uninsured at the time of the accident; Bernat notified his insurance company that he had a claim against Matyskiel which would be presented under the uninsured motorists coverage of his policy; thereafter he was served with process notifying him that Matyskiel had filed a property damage suit; he forwarded the summons to his insurance company; notwithstanding his own claim, the company furnished the attorneys who defended him in Matyskiel's suit; the company's and the attorneys' interests were adverse to him; they could not adequately and fairly represent him but they proceeded to trial despite their conflict of interest. The motion further alleged that because of Matyskiel's judgment the defense of estoppel would be raised to any subsequent suit or arbitration proceeding commenced by Bernat under the uninsured motorists provision of his policy. The trial court granted the motion.

Matyskiel regarded the trial court's order as one granting Bernat a new trial and he petitioned this court for leave to appeal. No brief, objection or countermotion was filed in opposition to the petition and it was allowed. Matyskiel filed an additional brief in support of his petition and requested oral argument. An appearance was filed by Bernat's attorneys but no brief was presented in his behalf. Despite this deficiency an attorney appeared at the argument and, in response to our inquiry, stated that no brief had been filed because of the small amount involved and because the defendant relied upon a memorandum of law which was in the record and which had been submitted to the trial court.

█ The memorandum referred to did not, in any respect, meet the issues or answer the arguments made in the appellant's petition and brief. Since the appellee did not file a brief in this court we would be justified, with-

177

out further consideration of the merits of the case, in reversing the order of the trial court (541 Briar Place v. Harman, 46 Ill App2d 1, 196 NE2d 498 (1964)). Appellate Court Rule 5(2)(k) (Supreme Court Rule 39(1) (1965)) provides:

> "Each party to a cause in this court shall file a printed brief. . . .
>
> "Appellant's Brief shall contain the following divisions . . . Points and Authorities. . . .
>
> . . . . . .
>
> "II The Points and Authorities shall consist of the propositions relied upon in support of the appeal with citation of authorities.
>
> . . . . . .
>
> "IV The Argument shall be limited to the points made and cases cited in the Points and Authorities. . . .
>
> "No alleged error or point not contained in the brief shall be raised afterwards, either by reply brief or in oral or printed argument. . . .
>
> "Appellee's Brief shall conform to the same rules as those governing appellant's brief. . . . The Points and Authorities shall consist of the propositions relied upon to sustain the judgment, decree or order appealed from, with supporting authorities. . . ."

Although an appellee has not complied with Rule 5(2)(k) we may, if we believe it advisable, examine the record to ascertain if an injustice would be done the appellee if the trial court's order, decree or judgment were to be reversed. Werbeck v. Werbeck, 70 Ill App 2d 279, 217 NE2d 502 (1966). In view of the averments made in the defendant's motion we have done that in this case.

178

The motion was filed within thirty days of the judgment and prayed that the judgment be vacated and the case set for trial. Although the motion did not state the statute under which it was brought, the memorandum presented in support of the motion said it was ". . . filed within Thirty (30) days of the entry of the aforementioned judgment, as provided for in Section 72 of the Civil Practice Act." This was obviously wrong. The motion could not lie under section 72; this section provides for relief from final orders, judgments and decrees, after thirty days from entry thereof. The motion could have been made under section 68.3 of the Civil Practice Act:

> "In chancery cases and in cases at law tried without a jury, any party may, within 30 days after the entry of the decree or judgment, file a motion for rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief." Ill Rev Stats, 1965, c 110, § 68.3(1).

The court's order did not state the authority under which the motion was allowed; it merely granted the motion and ordered a new trial. Under the circumstances, it was not unreasonable for the plaintiff to interpret this as an order granting a new trial. The defendant apparently accepted this interpretation. As we have mentioned, he did not object to the petition for leave to appeal and did not move to dismiss the appeal after the petition was allowed.

██ An order vacating a judgment is interlocutory and is not appealable. Dross v. Farell-Birmingham Co., Inc., 51 Ill App2d 192, 200 NE2d 912 (1964). An order granting a new trial, while interlocutory, may be appealed if permission is obtained from the reviewing court. Supreme Court Rule 30 (1965); Rule 306 (1967); Rodriguez v. Chicago Transit Authority, 58 Ill App2d 150, 206 NE2d 828 (1965). We adhere to our decision; we retain the appeal as one from an order granting a retrial.

This case must be distinguished from Natale v. Enterprise Pub. Co., 82 Ill App2d 105, 227 NE2d 84 (1967). In Natale a judgment was entered after a jury found the defendants guilty. Although the defendants had filed an answer the case went to trial without the defendants being present or anyone appearing in their behalf. Evidence was heard, instructions were considered by the court and the jury was given 12 instructions. Within 30 days the defendant moved to vacate the judgment. The motion was granted and a new trial ordered conditioned upon the payment of certain fees and costs. The plaintiff petitioned this court for leave to appeal from the order granting a new trial under Supreme Court Rule 30. The defendants moved to dismiss the appeal. The question before this court was whether the appeal was sought from an order granting a new trial or from an order entered pursuant to the provisions of section 50(6) of the Civil Practice Act (Ill Rev Stats, 1965, c 110, § 50(6)) which provides that a court may, in its discretion, on motion filed within 30 days, set aside any judgment upon reasonable terms and conditions. This court held that Natale was not a contested trial, that the trial court was correct in accepting the defendants' motion as one filed under section 50(6), and the petition for leave to appeal was dismissed.

In Potter v. Ace Auto Parts & Wreckers, Inc., 49 Ill App2d 354, 199 NE2d 618 (1964), this court said that a motion for a new trial is addressed to the discretion of the trial court judge and his judgment thereon will not be reversed except for a clear abuse of such discretion, which must affirmatively appear in the record. The record in the present case shows that the plaintiff and defendant were represented by counsel. The trial was contested. Three witnesses testified on behalf of the plaintiff and three on behalf of the defendant. The witnesses were cross-examined. After both sides rested oral ar-

gument took place. The motion to vacate the judgment did not claim that Bernat did not receive a fair trial; it did not allege that he had a meritorious defense which was not advanced; it did not assert that the court's finding was contrary to the weight of the evidence; it did not charge errors in the admission or exclusion of evidence, and it did not urge that the amount of the judgment was excessive. The motion did allege that the defendant's attorneys failed to file a counterclaim and that they announced they were ready for trial although certain witnesses whom they had subpoenaed were not in court. The motion did not say what the testimony of these witnesses would have been nor did it claim that a new trial would bring a different result.

■■ The defendant's motion stated reasons for a new trial for which neither the court nor the plaintiff was responsible. The court stated that it set aside the judgment because of "equitable considerations." These considerations were not explained. Presumably they arose from the averments in the defendant's motion. The application of equitable principles where occasion demands is permissible in ruling on motions to vacate judgments. But the equitable considerations in this case had nothing to do with the defendant's relationship with the plaintiff. Matyskiel did nothing unjust; he took no advantage of Bernat. The equitable considerations were between Bernat and his insurance company. It may have been to the company's interest to have had a judgment entered against him, and he may have an action against his insurer because of its conduct. He may also have an action against the attorneys selected to represent him if they were aware—and he was not—of the conflict of interest between the company which employed them and the client they served. These considerations did not, however, justify depriving the innocent plaintiff of his judgment and compelling him to try his case a second

time against the defendant who had been found guilty in a fair and errorless trial.

The order of the trial court will be reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.