Dorothy Woodward, Plaintiff-Appellee, v. Charles E. Woodward, Defendant-Appellant.

Gen. No. 52,770.

First District, Third Division.

June 6, 1968.

Ditkowsky & Contorer, of Chicago (Kenneth K. Ditkowsky, of counsel), for appellant.

Walter E. Wright, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff was granted a divorce and the decree incorporated alimony and property stipulations previously entered into by the parties. Fourteen months thereafter the defendant petitioned for a modification of the alimony payments because of his changed circumstances. Additional pleadings developed the point that the plaintiff, who was not working at the time of the decree, was gain-

fully employed. After a hearing the court reduced the monthly amount payable to the plaintiff but provided in its order that the alimony would revert to the amount allowed by the decree in the event the plaintiff should cease being employed.

The defendant appeals from that portion of the order which nullifies the modification if the plaintiff stops working. He argues that this enables the plaintiff to determine her future alimony by quitting or retaining her employment, that this obviates the need for her to file a petition alleging a change in circumstances, that it is an indefinite order which delegates the court's power and jurisdiction to her, and that this denies his constitutional right to equal protection of the laws.

His appeal was taken to the Supreme Court and was transferred here on the finding that no substantial constitutional question was involved.

Although the plaintiff filed notice that she would cross-appeal from that part of the order reducing her decretal alimony (on the ground that the order violated the contractual stipulation of the parties) she neither pursued the cross-appeal nor contested the defendant's appeal. No brief was filed in her behalf either in this court or in the Supreme Court.

██ Under this posture of the case the contentions of the defendant are not contested and it is not necessary for us to consider them. When an appeal is perfected and the appellee does not submit an answering brief, the reviewing court may reverse the judgment without further explanation of the merits of the appeal. Werbeck v. Werbeck, 70 Ill App2d 279, 217 NE2d 502 (1966); Wieboldt Stores v. Mautner, 61 Ill App2d 368, 210 NE 2d 597 (1965); Ogradney v. Daley, 60 Ill App2d 82, 208 NE2d 323 (1965); 541 Briar Place Corp. v. Harman, 46 Ill App2d 1, 196 NE2d 498 (1964).

The provision of the order relating to the future employment of the plaintiff is reversed. The cause is re-

manded with instructions to expunge this provision from the order.

Reversed and remanded with directions.

SCHWARTZ and SULLIVAN, JJ., concur.