**Sylvia Perez, Plaintiff-Appellee, v. Donald Janota, Defendant-Appellant.**

Gen. No. 52,806.

First District, Third Division.

March 6, 1969.

Charles Kraut, of Chicago, for appellant.

No brief for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant-appellant, Donald Janota, appeals from a judgment entered against him on a written instrument. The instrument was signed:

> "Pyramid Electronics
> Donald H. Janota"

and acknowledged a $1,000 indebtedness to Alex Kozil with interest payable at 5% per annum. Kozil assigned the note to the plaintiff-appellee, Sylvia Perez.

Janota contends that the note was not a negotiable instrument, that it was chargeable to Pyramid Electronics only and that Sylvia Perez was not a holder in due course.

■ The plaintiff-appellee has not countered these contentions; no appellee's brief has been filed in this court. In this situation we could accept the appellant's contentions as correct and summarily reverse the judgment of the trial court. 541 Briar Place Corp. v. Harman, 46 Ill App2d 1, 196 NE2d 498 (1964). On the other hand, if justice seems to require it, we may examine the points raised by the appellant to ascertain if they merit reversing the judgment. Matyskiel v. Bernat, 85 Ill App2d 175, 228 NE2d 746 (1967); Werbeck v. Werbeck, 70 Ill App2d 279, 217 NE2d 502 (1966). In this case we will exercise our discretion and will consider the merits of the appeal.

Janota's theory of the case is that the trial court erred in finding that the note was a negotiable instrument and in not considering certain defenses raised by him, among them that he signed the note in a representative capacity and that Sylvia Perez was not a holder in due course.

The record does not support these claimed errors. Neither a report of proceedings nor an agreed statement of facts has been filed in this court. We do not know what findings were made by the trial court, what defenses were considered or what evidence was presented.

■ A party prosecuting an appeal must furnish the material essential to the disposition of the appeal. Matters de hors the record cannot be considered. In the absence of a report of proceedings or an agreed statement of facts it is presumed that the evidence supported the trial court's decision. Houswerth v. Seidel, 47 Ill App2d 112, 197 NE2d 271 (1964).

The defendant-appellant recognized the deficiency of the record and the adverse effect it would have on his appeal. He filed an affidavit in this court (in support of a motion to amend the Praecipe of Record to include a finding made by the trial court) which stated:

"(A) record of the finding is vital to the proper presentation of this matter on behalf of the appellant."

When the proposed amendment was submitted for our approval it turned out to be a purported ruling which did not appear anywhere in the record and the motion was, accordingly, denied. The appellant's representation that it was "vital" to bolster the present record coincides with our view that the record is insufficient to cover the points raised in this appeal.

The record is sufficient, however, to present the appellant's final point. Janota argues that the note itself shows that it was a corporate obligation and that the judgment against him as an individual should not be permitted to stand. This argument must also fail. Janota did not sign the note in a representative capacity—his office with Pyramid Electronics, if any he had, does not appear on the note; the note on its face is a joint obligation of Pyramid Electronics and Janota, and he is personally obligated. Uniform Commercial Code, Ill Rev Stats 1967, c 26, § 3–403(2)(b).

The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.