ELAINE R. METCOFF, Plaintiff-Appellant, *v.* JAMES L. METCOFF, Defendant-Appellee.

(No. 55683;

First District—February 17, 1972.

George Brode, of Chicago, for appellant.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff appeals from orders entered in the Divorce Division of the Circuit Court modifying prior orders pertaining to the visitation rights of the defendant and payments for the support of his two minor children.

■■ The defendant has not filed a brief in this court although he was granted extensions of time totaling more than four months in which to do so. When an appeal is perfected and the appellee does not file an

answering brief, a reviewing court may reverse the judgment, decree or order without consideration of the merits of the appeal. (*541 Briar Place Corp. v. Harman* (1964), 46 Ill.App.2d 1, 196 N.E.2d 498; *Wieboldt Stores, Inc., v. Mautner* (1965), 61 Ill.App.2d 368, 210 N.E.2d 597.) However, it is our practice to examine the record to ascertain whether an injustice might be done by a summary reversal. *Matyskiel v. Bernat* (1967), 85 Ill.App.2d 175, 228 N.E.2d 746; *Werbeck v. Werbeck* (1966), 70 Ill.App.2d 279, 217 N.E.2d 502.

■■ Because the appealed orders affect the support of children and a parent's visitation rights, we have, in the exercise of our discretion, considered the plaintiff's brief and reviewed the authorities cited. It is our conclusion that one of the plaintiff's contentions is well taken and one order must be reversed.

The Metcoffs were divorced in 1962. The plaintiff was awarded custody of their children. Each of the parties remarried. The plaintiff's husband was transferred to California by his employer and in March 1970 she filed a petition to take the children to that state. The court found that moving the children from Illinois was in their best interest and the petition was granted. The defendant was not in court. He had been adjudged guilty of fraud in deceiving the plaintiff about his income, judgments in excess of $43,000 had been entered against him, two rules to show cause were pending and a mittimus had been issued for his arrest. In the order the court abated his visitation privileges.

In August 1970, the defendant moved to vacate the prior orders and petitioned for the restoration of his visitation rights. Specifically, he asked that the children, 11 and 13 years of age, be sent to Chicago for two weeks at his expense and that payments for their support be abated if the plaintiff did not comply with the order. His motion was allowed on August 18th and the plaintiff was directed to send the children to Chicago for the period of August 21 to September 4, 1970. On September 16th the court found that the defendant had forwarded airplane tickets to California for the children's transportation but that the plaintiff willfully refused to send them to Chicago. Support payments were suspended until she complied with the court's order.

The plaintiff moved to vacate the orders of August 18th and September 16th. In denying the motion, the judge stated that although it might not be in the best interest of the children to suspend support payments he felt compelled to do so because of the plaintiff's refusal to permit visitation.

■■ Before an order for support payments can be modified there must be a finding of changed circumstances which relate either to the needs of the children or the financial condition of the parents. (*Lewis v.*

*Lewis* (1970), 120 Ill.App.2d 263, 256 N.E.2d 660.) No evidence was presented on either of these issues. The abatement of support payments was solely for the purpose of forcing compliance with the order that the children be sent to Chicago. The abatement order punished the recalcitrant plaintiff at the children's expense and was improvidently entered.

In cases akin to the present one, this court has consistently reversed trial court decisions suspending payment. In *Hurt v. Hurt* (1953), 351 Ill.App. 427, 115 N.E.2d 638, the mother who had custody took her child out of Illinois. The father alleged that this was done without his agreement or court authority. The trial court ruled that since the child was out of the jurisdiction without its permission the mother was not entitled to payments for the child's support. The court's decree stated that the father "was and is relieved of any and all liability to plaintiff for the support and maintenance" of the child. The Appellate Court reversed. The trial court was also reversed in *Kemp v. Kemp* (1947), 332 Ill.App. 432, 75 N.E.2d 385. In *Kemp* the divorced mother remarried and moved out of Cook County. She took with her the children whose custody had been awarded to her. The father asked to be relieved of his support payments until the children were returned to Chicago. The trial court decreed that he was not obligated to pay for their support while they were out of Chicago. On appeal we held that the father was not released from his liability to support his minor children and that the trial court erred in modifying the support payments.

We have with equal consistency affirmed decisions enforcing support payments: *People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill.App.2d 91, 157 N.E.2d 563; *McDonald v. McDonald* (1956), 11 Ill.App.2d 240, 136 N.E.2d 556.

The order of September 16, 1970, suspending support payments will be reversed.

The issue over the order of August 18, 1970, directing that the children visit the defendant for a two-week period in 1970 is now moot. The appeal in reference to this order will be dismissed.

Dismissed in part; reversed in part.

McGLOON, P. J., and McNAMARA, J., concur.