RIDGE MANOR CONVALESCENT HOME, a Division of Ridge Clark Bldg., Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

(No. 54096;

First District—April 20, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and John J. George, Assistants Corporation Counsel, of counsel,) for appellants.

Geocaris, Sneider & Troy, of Chicago, (Cecil E. Magid and Richard J. Troy, of counsel,) for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

A complaint was filed against the Ridge Manor Convalescent Home which charged that a former resident was neglected and his property taken during his stay at the home. The Hearing Board on Denial and Revocation of License for Nursing Homes, Sheltered Care Homes, Homes for the Aged and Day Care Centers of the City of Chicago, heard the complaint. At the conclusion of the evidence the board revoked Ridge Manor's license.

Ridge Manor appealed and the Circuit Court ordered its license restored. The board and the City of Chicago seek to reverse the Circuit Court's decision.

■■■ Although Ridge Manor was granted numerous extensions of time in which to file a brief in this court, it has not done so. If an appellee does not file an answering brief, a court of review may reverse the judgment, decree, or order without a consideration of the merits of the appeal. (*Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42; *Weiboldt Stores v. Mautner* (1965), 61 Ill.App.2d 368, 210 N.E.2d 597.) On the other hand we may, in our discretion, examine the record to determine if the appellant is entitled to the reversal prayed for or if an injustice would be done an appellee by summary reversal. *Woodward v. Woodward* (1968), 96 Ill.App.2d 251, 238 N.E.2d 269; *Matyskiel v. Bernat* (1967), 85 Ill.App.2d 175, 228 N.E.2d 746; *Werbeck v. Werbeck* (1966), 70 Ill.App.2d 279, 217 N.E.2d 502.

The formal charges in the present action were filed by Mrs. Jean Dimpfl, daughter of Rice Rambo, a former resident of Ridge Manor Convalescent Home. Pursuant to section 136—9 of the Municipal Code of the City of Chicago (1958), a license for such an institution may be revoked for any of the following reasons:

"(a) Cruelty or indifference to the welfare of a resident.

(b) Misappropriation of the property of a resident.

(c) Conversion of the property of a resident.

(d) Violation of any provision of this ordinance or the minimum standards, rules and regulations, promulgated thereunder.

(e) Any ground upon which an application for a license may be denied as proscribed thereunder."

Rice Rambo entered Ridge Manor in mid-September 1967, and remained there until he was removed to a hospital in early November. Soon after he became a resident, Mrs. Dimpfl discovered that many articles of clothing which he had brought with him were missing. Despite repeated complaints to the staff the clothing was never found, nor was a satisfactory explanation given for its disappearance. Testimony revealed that Rambo's experience was not unique. Other residents of Ridge Manor

had suffered the loss of their clothing and personal property, and in one instance the police were notified.

The complainant testified that her father was not shaved or bathed with sufficient frequency, and that when she visited him she occasionally found him to be cold and in various stages of undress. Another witness stated that his father, also a resident, appeared unshaven for two weeks or more.

There was testimony that the portions of food served the residents were quite meager and some were still hungry after eating. Also, the dishes of hot foods were served without covers so that those courses became cold by the time the meals were eaten.

██ The Hearing Board determined that Ridge Manor had failed to comply with the Minimum Standards, Rules and Regulations for Nursing Homes adopted by the Department of Public Health of the State of Illinois, and with the Minimum Standards adopted by the Board of Health of the City of Chicago. After reviewing the record we conclude that the substantial evidence supporting the board's finding was one of the considerations which prompted the appellee not to contest this appeal.

The judgment is reversed.

Judgment reversed.

McGLOON, P. J., and McNAMARA, J., concur.