JORDAN/TAMRAZ/CARUSO/ADVERTISING, INC., Plaintiff-Appellant, *v.*
PARKER CAREER CENTER *et al.,* Defendants-Appellees.

(No. 56813;

First District (3rd Division)—February 15, 1973.

Russell G. Miller, of Chicago, for appellant.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Jordan/Tamraz/Caruso/Advertising, Inc., performed advertising services for the defendant, Parker Career Center, an employment agency in the Golf Mill Shopping Center, Niles. The defendant, Jack Scannell, operated the agency. Bills for the services were not paid and this action was commenced. The defendants filed no answer to the plaintiff's complaint but, nevertheless, appeared for trial. In their opening statement they informed the court that Scannell operated his business as president of a corporation, Scanco, Ltd., and that the obligations sought to be enforced were not those of Scannell or Parker Career. Following the presentation of the plaintiff's case in which the existence of the debts was established, as well as plaintiff's lack of knowledge of the

alleged corporation, the defendants moved to dismiss the action. They again urged that Scannell had acted only in his capacity as a corporate official. The trial judge granted the defendants' motion.

■■ The defendants have not contested the plaintiff's appeal. If an appellee does not file an answering brief, a court of review may reverse the judgment or order without considering the merits of the appeal. (*Ridge Manor Convalescent Home v. The City of Chicago* (1972), 4 Ill.App.3d 1077, 283 N.E.2d 272; *Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42.) On the other hand, the court may in its discretion examine the record to determine whether the appellant is entitled to reversal or if an injustice would be done an appellee by summary reversal. *Woodward v. Woodward* (1968), 96 Ill.App.2d 251, 238 N.E.2d 269; *Matyskiel v. Bernat* (1967), 85 Ill.App.2d 175, 228 N.E.2d 746.

The defendants presented no evidence whatsoever to support their assertion that Scannell's employment agency was a corporation or that there was a corporation by the name of Scanco, Ltd. The plaintiff's president, Paul D. Tamraz, testified that he had not heard of Scanco Ltd., prior to the trial, and that Scannell never held himself out as a corporate officer. Tamraz had had business dealings with Scannell before he started to operate Parker Career Center, and all arrangements for Parker's advertising were authorized by Scannell and all advertisements were approved by him. Also, some of the bills for the plaintiff's services presented to Parker were paid.

■■ In ruling on a motion to dismiss at the close of the plaintiff's case, the evidence presented together with all reasonable inferences must be considered in the light most favorable to the plaintiff, and if there is any substantial evidence tending to prove the plaintiff's allegations, the motion must be denied. *City of West Frankfort v. Fullop* (1955), 6 Ill.2d 609, 129 N.E.2d 682; *Russow v. Bobola* (1972), 2 Ill.App.3d 837, 277 N.E.2d 769.

■■ The plaintiff produced evidence that a debt for services rendered was owed to it by the defendants; there was no contrary evidence and the motion to dismiss should have been denied. The order of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.