METRO INVESTMENTS CO., INC., Plaintiff-Appellee, *v.* THOMAS ENGE, Defendant-Appellant.

(No. 57014; )

First District (3rd Division)—May 17, 1973.

David C. Thomas and Jimmy Jenkins, of Chicago, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Thomas Enge rented an apartment on West Madison Street, Chicago, from the plaintiff, Metro Investments Co., Inc. The apartment was occupied by his friend, Jean Jefferson, from November 1968 until June 1969. The tenancy was from month to month and rent was paid to the plaintiff's agent. The rent, tendered in March 1969, was refused by the agent for the reason that the building was under new management.

No further demand for rent was made and Miss Jefferson and other tenants stayed in the building. However, services which had been furnished them, such as repairs, garbage collection and hot water, were

discontinued and the tenants moved out. Miss Jefferson was the last to leave.

The plaintiff sued Enge for the rent which had been unpaid from March 16th to June 1st and obtained a judgment for $253.00. Enge appeals and contends that the plaintiff's refusal to accept tendered rent barred its action to collect; that the plaintiff waived the covenant to pay rent because it breached an implied warranty that the premises were habitable, and that the trial court erred in denying his motion for leave to file interrogatories.

■■■ The plaintiff-appellee has not filed a brief in this court. When an appellee, such as this corporate plaintiff, does not appear to support the judgment in its favor and does not oppose an appellant's prayer for reversal, a summary reversal is permissible. We believe such a disposition is appropriate in this case. *Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42; *Wieboldt Stores v. Mautner* (1965), 61 Ill.App.2d 368, 210 N.E.2d 597; *541 Briar Place Corp. v. Harmon* (1964), 46 Ill.App.2d 1, 196 N.E.2d 498.

The judgment is reversed.

Reversed.

McNAMARA and McGLOON, JJ., concur.