764

The People *ex rel.* Nicholas Kish, Petitioner-Defendant-Appellant, *v.* June Kish, Sheriff of Kendall County, Respondent-Plaintiff-Appellee.

(No. 71-334; 

Second District—August 15, 1973.

Mel Sloan, of Chicago, for appellant.

June McCort, of Aurora, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This is an appeal (transferred to this court by the supreme court) from three judgments of the Circuit Court of Kendall County. On July 31st, 1970, an order (in a divorce proceeding) was entered directing defendant to pay $5,500 to the plaintiff as a lump sum in lieu of alimony, $1,350 attorney fees, and the matter was continued to August 31, 1970 for the purpose of allowing defendant time to make payment. On August 31st defendant was adjudged in contempt of court for failure to make such payment and was committed to the Sheriff's custody in the county jail until he purged himself of contempt.

■■ As to those judgments the appeal is dismissed in view of the fact that defendant's notice of appeal was filed on January 2, 1971, long after the expiration of the thirty day period prescribed by Supreme Court Rule 303(a). (Ill. Rev. Stat. 1967, ch. 110-A, par. 303(a).) See *Werbeck v. Werbeck* (1966), 70 Ill.App.2d 279.

The third judgment appealed from was entered on December 16, 1970. As to that order the notice of appeal was timely. By that order

the trial court struck an amended petition for habeas corpus filed on that date and quashed the original petition therefor filed earlier *pro se* by the defendant, without hearing any evidence.

The amended petition recited among other things that the petitioner (defendant in the divorce case) had been imprisoned pursuant to the order of August 31, 1970, finding him guilty of contempt; that the petitioner has no funds or income sufficient to make payment of the sum of $6850, and that the court heard no evidence and made no finding as to the defendant's ability to do so. The petition further recited that petitioner is not employable because of a permanent disability and that incarceration is physically and mentally unendurable.

Ill. Rev. Stat. 1969, ch. 65, sec. 36, Habeas Corpus Act, provides:

> "Any person imprisoned for any contempt of court for the non-performance of any order or decree for the payment of money, shall be entitled to a writ of habeas corpus, and if it shall appear, on full examination of such person and such witnesses, and other evidence as may be adduced, that he is unable to comply with such order or decree, or to endure the confinement, and that all persons interested in the order or decree have had reasonable notice of the time and place of trial, the court or judge may discharge him from imprisonment, but no such discharge shall operate to release the lien of such order or decree, but the same may be enforced against the property of such person by execution."

■■ In view of that express provision, the trial court erred in failing to grant the writ and hearing evidence bearing upon the petitioner's ability to comply with the order for the payment of money or to endure the confinement. Therefore, the judgment of December 16, 1970, is reversed and the cause is remanded with directions to grant the writ of habeas corpus and hear evidence in compliance with section 36 of the Habeas Corpus Act.

Appeal as to judgments entered July 31, 1970, and August 31, 1970, dismissed, and as to judgment entered December 16, 1970, the cause is reversed and remanded.

Dismissed in part; reversed and remanded in part.

GUILD, P. J., and T. MORAN, J., concur.