In re HEATHER ROBERTSON, a Minor.—(THE PEOPLE ex rel. DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner-Appellee, v. DANNY ROBERTSON et al., Respondents-Appellants.)

Third District   No. 76-58

Opinion filed January 25, 1977.

Barash & Stoerzbach, of Galesburg (Carl Hawkinson, of counsel), for appellants.

Donald C. Woolsey, State's Attorney, of Galesburg (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The natural parents of Heather Robertson, a minor, have appealed from a judgment order making Richard S. Laymon, Guardianship Administrator of the Department of Children and Family Services, guardian of the person of Heather Robertson with power to consent to her adoption. On February 2, 1973, a neglect petition was filed by a case worker for the Department of Children and Family Services asking that Heather Robertson be adjudged a ward of the court upon the belief that she was neglected. The petition alleged that said:

"Minor was admitted to Cottage Hospital on 01/10/73 with a 1½ inch laceration of the right temporal area of minor's head, and further examination revealed minor to have broken ribs, skull fractures, old bruises and an undernourished condition, which presents facts that minor, aged 5 months, has not had proper care or timely medical treatment and nourishment, and further has been subjected to an environment injurious to her welfare and is neglected as defined in ch 37c [*sic*] 702(1) (a) and (b) (b) Ill. Revised Statutes."

A department petition for temporary custody was filed and the court ordered that temporary custody be placed in the guardianship administrator of the department.

Prior to a hearing on the neglect petition Danny Lee Robertson, Heather's father, filed a request for court-appointed counsel and an affidavit of assets and liabilities. It appeared that Danny Lee Robertson had $520 per month in income, $1800 in personal property and $2700 in debt liabilities. The trial court denied his petition for court-appointed counsel.

On February 13, 1973, a hearing was held on the original neglect petition. The parents were present in court for the hearing but were not

represented by counsel. No record of the proceedings or witnesses testifying therein was made. At the conclusion of that hearing, Heather Robertson, was found to be neglected, as alleged in the petition, adjudged a ward of the court and placed in the custody of the Department of Children and Family Services. No appeal from the neglect finding was taken.

On May 28, 1974, the Department filed a supplemental petition seeking to terminate the rights of the natural parents and appoint the guardianship administrator of the department guardian of the person of Heather Robertson with power to consent to adoption. The supplemental petition alleged (1) that the minor had been found to be neglected (as the pleadings alleged due to physical abuse by her parents) and that since the neglect finding the minor's parents had failed to maintain a reasonable degree of interest, concern or responsibility as to the minor's welfare within the meaning of section 1(D)(b) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(b)); and (2) that since the neglect finding the parents had failed to make reasonable efforts to correct the conditions which were the basis for the initial removal of the minor from her parents as evidenced by the death on December 10, 1973, of another child, Christopher Michael, age one month, under conditions which indicated neglect of said child by his parents. After hearing evidence and testimony at several continued hearings the trial court granted the supplemental petition and expressly found that since the original neglect finding her parents failed to make reasonable efforts to correct the conditions which were the basis of initial removal of Heather from her parents within the meaning of section 1(D)(l) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(l)), and that it would be in the best interest of the minor that she be permanently removed from her natural parents.

The respondent parents have phrased the two issues presented for review as: (1) Whether it was error to consider evidence introduced at the hearing on the original petition in deciding the issues raised by the supplemental petition, and (2) whether the supplemental petition should have been denied.

■█ The record of the hearing on the supplemental petition which sought to grant the department the power to consent to Heather's adoption is not available. We have before us only a short summary of the testimony stipulated to by the parties. At the outset the parents contend that error occurred in the trial court's denial of court-appointed counsel in a proceeding wherein their parental rights to a minor child were permanently terminated. We are convinced that on the record before us it was not an abuse of the trial court's discretion to refuse to appoint counsel to represent them when they had monthly income of $520 and assets of

$1800 even though liabilities of $2700. Their affidavit did not support a claim of indigency on its face. Appellants' reliance on the criminal case of *People v. Miller* (5th Dist. 1974), 23 Ill. App. 3d 149, 318 N.E.2d 739, is not well founded. In the absence of a record to support the appellants' claim of error we will presume the evidence supported the trial court's decision and that the trial court did not abuse its discretion in denying appointment of counsel in this case. *Perez v. Janota* (1969), 107 Ill. App. 2d 90, 246 N.E.2d 42.

■■ Only a cursory comment is necessary on the parents claim that it was error for the court to consider evidence introduced to support the original neglect petition at the subsequent hearing to terminate the natural parents' rights and empower a guardian to consent to adoption. Although parents are the natural guardians and custodians of their children, the rights of parents are not absolute and the State may intervene to terminate the parents' right to the child's continued custody and place it in a more suitable environment, if the circumstances warrant such action. The issues before the trial court were whether Heather's parents were unfit and consequently whether the child's best interests demanded that all the natural parents' rights be permanently terminated. The earlier findings of Heather's neglect based on the initial petition's allegations of physical abuse and lack of proper care are highly relevant circumstances for establishing the type of environment to which Heather was subjected. It was particularly relevant at the hearing on the supplemental petition at which the State sought to show that the injurious and unsafe family environment had not been corrected. The original finding of neglect was a final appealable order and was never appealed. Such a finding of neglect is now res judicata. *People ex rel. Patterson v. Patterson* (1976), 36 Ill. App. 3d 484, 344 N.E.2d 226.

On July 22, 1974, upon the motion of the department and with the consent of the Robertsons' the trial court ordered that "evidence relating to neglect of Christopher Michael Robertson is relevant to the issues raised" in the supplemental petition. The evidence presented concerning the death of Christopher Michael Robertson clearly supports the trial court's ultimate finding that the home environment of the Robertson household had not been corrected since Heather was found to be neglected. The death of Heather's one-month-old brother resulted from subdural and subarachnoidal hemorrhaging due to a head injury which competent medical testimony established could only be caused by trauma, such as a sharp blow to the head. The Robertsons offered no explanation of any accidental injury to Christopher or in any manner explained away a prima facie case of a battered child. The type of injury that occurred to this immobile one-month old infant and a denial by the

parents of any known accident evidences neglect in that the Robertsons had their infant child in an environment that was injurious to his welfare.

■■ A neglected child is defined by statute. (Ill. Rev. Stat. 1973, ch. 23, par. 2360.) In *Wallace v. Labrenz* (1952), 411 Ill. 618, 624, 104 N.E.2d 769, 773, the Supreme Court said, "Neglect, * * * is the failure to exercise the care that the circumstances justly demand. It embraces wilful as well as unintentional disregard of [parental] duty. It is not a term of fixed and measured meaning. It takes its content always from the specific circumstances, and its meaning varies as the context of surrounding circumstances changes." We believe from the circumstances of the present case that the trial court's finding that the Robertsons had failed to make reasonable efforts to correct the original conditions which led to a court adjudication of Heather as a neglected minor in light of the subsequent unaccounted for death of another infant sibling is supported by a clear preponderance of the evidence.

The granting of the supplemental petition terminating the natural parents' rights and empowering the guardian with the power to consent to an adoption was consistent with the best interests of the minor where, as here, there is ample evidence to support the trial court's finding unfitness pursuant to section 1(D)(l) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(l)).

For the reasons stated, we affirm.

ALLOY, P. J., and STENGEL, J., concur.