(No. 18044.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HUFFMAN, Plaintiff in Error.

*Opinion filed April 20, 1927.*

1. CRIMINAL LAW—*when venue is not proved.* While venue may be proved by circumstances, alone, without any direct testimony, in such case the circumstances must be such as to exclude every reasonable hypothesis other than that the crime was committed in the county in which the venue is laid, and where none of the evidence refers to and no witness mentions either the city, county or State there is no proof of venue.

2. SAME—*what is proper evidence of reputation for chastity and good morals.* In a prosecution for rape, witnesses may testify to the defendant's reputation for chastity and good morals whether or not they had discussed said reputation at any time or place previous to the commission of the alleged crime, as lack of discussion as to one's reputation for chastity in the neighborhood in which he lives is a much better basis for a generally good reputation in that respect than much general discussion.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding.

JOHN F. TYRRELL, and LOUIS GREENBERG, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of rape and sentenced to imprisonment in the Illinois State Reformatory for a term of fifteen years. The record is before this court for review upon writ of error.

It is contended by plaintiff in error that the prosecution failed to prove venue, that a judgment of conviction for

rape cannot be sustained without proof of penetration, and that the court erred in excluding testimony as to the good reputation of plaintiff in error for chastity and good morals.

While it is not necessary that any witness should testify in so many words that a crime was committed in a certain county in order to establish the venue (*People* v. *Shaw*, 300 Ill. 451,) and the venue can be proven by circumstances, (*People* v. *Farnsworth*, 324 Ill. 96,) yet when circumstances, alone, are relied upon for such proof the circumstances must be such as to exclude every reasonable hypothesis other than that the crime was committed in the county in which the venue is laid in the indictment. In the present case no witness mentioned either Chicago, Cook county or the State of Illinois.

The complaining witness testified that she was twenty-four years of age and resided on Oakdale avenue; that on January 23, 1925, she went to a dentist's office at Ashland avenue and Irving Park boulevard; that she left the dentist's office about ten minutes after nine; that a cab driven by plaintiff in error pulled up to the curb; that she entered the cab and told the driver to take her to Crawford avenue and Irving Park boulevard; that he drove by that corner with great speed and continued "down lots of side streets" until he got to Addison street and then went on that street away out into the country, and that the car came to a stop in a sparsely populated neighborhood; that plaintiff in error there made an indecent attack upon her. The circumstances detailed by her tended to prove an assault with intent to commit rape. She testified that after struggling a while she fainted. She did not testify to the consummation of the crime. She further testified that after regaining consciousness they started to walk back, the machine having been stalled in the snow, and after walking a long time they came to Milwaukee and Lawrence avenues.

Alvin G. Berger testified that he is a licensed physician and surgeon; that he made an examination of the complaining witness on January 25, in the morning, and found active, live spermatozoa. He did not testify as to the character of the examination made nor where he found the spermatozoa. This evidence falls far short of proving either the crime of rape (*People* v. *Schultz,* 260 Ill. 35,) or the county in which any crime was committed. *People* v. *O'Gara,* 271 Ill. 138.

Plaintiff in error called a witness who testified that she had known him five or six years, seeing him frequently during that time; that she knew his general reputation prior to January, 1925, for chastity and good morals in the community in which he lived and that that reputation was good. On cross-examination the witness stated she had not discussed his reputation for chastity and good morals at any time or place. The court thereupon, on motion of the State's attorney, struck out all the testimony of the witness. The following colloquy then ensued:

Mr. Busch: "If the court please, on behalf of the defendant I have five or six witnesses here in court who have been sworn and will testify to the defendant's reputation for chastity and good morals previous to the date of this indictment.

The court: "Has any of them discussed that reputation with other persons previous to this indictment?

Mr. Busch: "I don't believe they have, but I desire to offer this testimony at this time.

The court: "The testimony will be excluded."

Lack of discussion as to one's reputation for chastity in the neighborhood in which he lives is a much better basis for a good general reputation in that respect than much general discussion, as much discussion thereof tends rather to tarnish than enhance a good reputation for chastity. This testimony was competent and plaintiff in error was entitled to have the same considered in connection with

the other evidence in the case. *People* v. *Okopske,* 321 Ill. 32; *Gifford* v. *People,* 148 id. 173.

For the manifest errors in this record the judgment of the criminal court of Cook county is reversed and the cause remanded to that court. *Reversed and remanded.*