(No. 31931.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED PIEPER, Plaintiff in Error.

*Opinion filed September 21, 1951.*

LLOYD J. SCRIVEN, and ALBERT H. HANNEKEN, both of Dixon, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and MOREY C. PIRES, State's Attorney, of Dixon, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

By an indictment returned in the circuit court of Lee County the defendant, Fred Pieper, was charged with taking indecent liberties with a boy seven years of age. A jury found defendant guilty and he was sentenced to imprisonment in the penitentiary for an indeterminate term of from one year to two years.

To reverse the judgment, defendant contends that the court erred (1) in admitting improper evidence, (2) in restricting cross-examination by the defense, and (3) in permitting improper cross-examination of defendant's character witnesses. He also contends that the State's Attorney was guilty of improper and prejudicial conduct.

No question is raised as to the sufficiency of the evidence and, consequently, the facts need be narrated only to the extent required for a consideration of defendant's contentions. Defendant operated an automobile repair business in a garage at the rear of his home. On the day

in question, two boys, one nine and the other seven, had come into the defendant's yard in search of willow switches. Defendant gave them firecrackers which he helped them to explode in the yard and, later, in the garage. The alleged crime occurred in the garage, and concerned only the younger of the two boys. Over objection, the trial court admitted testimony of the older boy that the defendant had called him into the garage alone before the alleged offense was committed upon the younger boy. It is argued that this testimony intimated to the jury that an attempt had, been made to commit an improper act with the older boy, although no such offense was charged. We believe that this evidence was properly admitted. What transpired in the yard and in the garage and who were present were all sharply controverted. It was necessary for the prosecution to establish the physical movements and the positions of the two boys and of the defendant about the yard and in and out of the garage immediately prior to, and at the time of, the alleged occurrence. The evidence objected to did no more than that.

In the course of his direct examination, the older boy stated that while both boys and the defendant were talking outside the garage the defendant "asked me if I wanted to be his little boy." According to the testimony of the younger boy, this same question was put to him by the defendant when he and the defendant were alone inside the garage immediately before the offense was committed. The statement objected to was not deliberately elicited by the prosecution. It was immediately stricken on defendant's motion. Defendant contends that this incident also led the jury to believe that defendant had committed, or attempted to commit, the same crime against the older boy.

To support his contention that prejudicial error resulted, defendant relies upon the familiar rule that, in a prosecution for taking indecent liberties with a child, evidence showing that the defendant had been guilty of like

offenses is inadmissible, citing *People* v. *Bernsee,* 367 Ill. 518; *People* v. *Rogers,* 324 Ill. 224, and *People* v. *Gibson,* 255 Ill. 302. Those cases, however, involved deliberate attempts by the prosecution to prove the commission of other offenses. There was no such effort in the present case. Nor is the objection here directed toward proof of another offense or attempted offense, but rather toward proof of a circumstance, innocent in itself, from which it is claimed an inference might be drawn that such an offense was attempted or committed. Defendant's contention that prejudicial error resulted cannot be sustained.

Defendant contends that the court erred in improperly restricting his cross-examination. The contention is limited to one witness and a single question. After cross-examining the older boy at length as to the events of the morning in question, counsel, upon re-cross-examination, ascertained that the boy had talked to the State's Attorney about the case two or three times but had not been told what to say on the witness stand. The boy was then asked to state what he had told the State's Attorney. An objection to the question was sustained. In view of the fact that the witness had already told what he knew of the crime charged, both upon direct examination and again upon cross-examination, and had just answered that the State's Attorney had not told him what to say, the action of the trial court in sustaining an objection to a question on re-cross-examination as to what the witness told the State's Attorney about the case cannot be regarded as an improper restriction upon defendant's right to examine the witnesses against him.

Defendant next contends that the court erred in permitting the State's Attorney to ask five of defendant's fourteen character witnesses whether they had ever heard his general reputation for chastity discussed by anyone. Four witnesses so interrogated replied in the negative, and defendant complains that the jurors could infer that these

witnesses had no basis upon which to testify that his general reputation was good. Cross-examination as to the basis of opinion evidence is always admissible. Evidence of reputation, to be admissible, must be based upon contact with the defendant's neighbors and associates rather than upon the personal opinion of the witness. (*People* v. *Shelton*, 388 Ill. 56; *People* v. *Reeves*, 360 Ill. 55.) But the fact that a witness has not heard any discussion of the reputation of an accused does not justify the exclusion of character evidence. (*People* v. *Huffman*, 325 Ill. 334; *People* v. *Okopske*, 321 Ill. 32.) Nor does it give rise to the inference of which the defendant complains. The absence of such discussion may itself be an indication of high moral character. (*People* v. *Huffman*, 325 Ill. 334; *Gifford* v. *People*, 148 Ill. 173.) The cross-examination complained of was not improper.

The contention that the State's Attorney made improper and prejudicial remarks to the jury remains to be considered. With respect to the opening statement, defendant's only complaint is that the State's Attorney referred to the fact that, after the defendant and the two boys left the garage the first time, defendant and the older boy went back into the garage alone. Since testimony of this fact was subsequently properly admitted in evidence, as related, the State's Attorney was entitled to state that this was part of what he expected to prove.

The objections to the State's Attorney's argument to the jury at the close of the evidence are more numerous. In this connection, defendant contends that the State's Attorney's explanation of the hearsay rule to the jury, his remarks concerning defendant's preliminary hearing, his mention of the fact that several of the character witnesses had never heard defendant's reputation for chastity discussed, and his mention of the circumstance that defendant, if convicted, might make application for probation, were all improper and wilfully intended to prejudice the jurors

in their consideration of the case. In the course of direct examination, the arresting officers, appearing as witnesses for the prosecution, testified that they had had conversations with the boys and with the mother of one of them, but they did not relate any part of the substance of these conversations. Upon cross-examination, the same witnesses stated that they did not know anything about the case of their own knowledge. In summation, the State's Attorney devoted three sentences to an explanation of hearsay evidence for the announced purpose of telling the jurors why they did not hear any testimony as to the substance of the conversations between the police officers and the two boys and other persons. Contrary to the contention of the defendant, this part of the argument cannot be regarded as an insinuation that something was said in these conversations which was incriminating to defendant.

In commenting upon defendant's testimony about the events following his arrest, the State's Attorney telescoped the identification by the boys, the reading of the warrant, and the admission of defendant to bail into a single day and argued that defendant, contrary to his testimony, must have known the nature of the charge against him. The remarks of the State's Attorney were inaccurate as to the facts, but defendant's contention that they constitute an argument as to an admission of the offense is wholly unfounded.

As previously indicated, the testimony of certain character witnesses that they had not heard any discussion of defendant's general reputation for chastity was properly admitted, and the State's Attorney's mere mention of this testimony was not improper. So far as appears from the record, neither side made any argument with respect to the inferences to be drawn from this testimony.

In his closing argument to the jury, the State's Attorney, after remarking that defendant's counsel had talked about the penitentiary, stated that a verdict of guilty did not necessarily mean that defendant would be sent to the

penitentiary; that this was a matter for the court to decide, and that defendant might apply for probation. At this point, an objection was made and sustained. Subsequently, the jurors were instructed that their duty was merely to determine the guilt or innocence of the accused and that, under their oaths, they must completely disregard the question of punishment and the arguments relating to punishment. In view of the circumstance that the State's Attorney appears to have been provoked into commenting upon the possibility of probation by defense counsel's reference to the penitentiary, the sustaining of the objection to the State's Attorney's remarks, and the written instruction to the jurors to disregard the arguments relative to punishment, it cannot be said that the argument relative to probation constitutes prejudicial error. *People* v. *Allen,* 368 Ill. 368.

The judgment of the circuit court of Lee County is affirmed.

*Judgment affirmed.*