**Michael J. Lynch and Hartford Insurance Company, Plaintiffs-Appellants, v. Wolverine Insurance Company, a Foreign Corporation, Defendant-Appellee.**

**Gen. No. 53,575.**

First District, Third Division.

June 4, 1970.

Frank Glazer, of Chicago (John W. Purney, of counsel), for appellants.

E. Paul Lanphier, of Arlington Heights, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Michael Lynch and Hartford Insurance Company (Hartford) brought this action to collect on a draft issued to them by the defendant. It is undisputed that when the draft was presented for payment, the defendant refused to honor it. When the case was called for trial, the court after some colloquy with the lawyers and the examination of some documents entered judgment on the pleadings for the defendant, although the defendant made no motion for such procedure. From that judgment the plaintiffs appeal. They contend that triable issues of fact were raised by the pleadings and that they were denied their right to a trial on the merits.

Counsel for the defendant-appellee has filed an appearance in this court but has not filed a brief. Although it has been held that that fact alone is sufficient to permit a reviewing court to summarily reverse the judgment of the trial court, the ends of justice are better served if litigation is determined according to the substantive rights of the parties and not by procedural default. As a general rule the trial court's judgment should not be reversed except after consideration of the merits of the appeal. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill App2d 264, 254 NE 2d 814; Perez v. Janota, 107 Ill App2d 90, 246 NE2d

42; Matyskiel v. Bernat, 85 Ill App2d 175, 228 NE2d 746. We will therefore consider the issues involved. The facts follow.

Defendant issued an automobile liability insurance policy to one Richard McCarthy. It included a property damage clause with a coverage limit to $5,000. The policy was in effect on December 24, 1966, when McCarthy drove his automobile into three parked cars. Plaintiff Lynch was the owner of one of the damaged cars. He was insured under a policy issued by the plaintiff Hartford which covered the loss under a $50 deductible collision clause. Lynch's car was repaired at a cost of $647.41, of which Lynch paid $50 and Hartford paid the balance. Hartford notified the defendant of the claim it and Lynch had against McCarthy for the cost of the repairs and sought reimbursement from the defendant pursuant to the policy issued to McCarthy. On March 17, 1967, the defendant, in apparent recognition of its liability, issued its draft for $647.41 to the plaintiffs for the full amount claimed. Thereafter, however, the defendant refused to honor its draft and plaintiffs brought this action.

The complaint charges that defendant wrongfully and fraudulently refused to honor the draft and that it was indebted to plaintiffs in the sum of $647.41. In its answer the defendant admitted the issuance of the draft and that it stopped payment thereof on the ground that it had "already expended its full limits under the property damage liability coverage of a policy issued to one Richard McCarthy," and denied owing the plaintiffs any sum whatsoever. Plaintiffs filed a reply in which they denied that defendant had expended funds in the amount of the policy limit and alleged that even had such amount been expended, that defense could not be raised since defendant had entered into an agreement with plaintiffs to pay their claim.

The case was called for trial on June 3, 1968. Three witnesses were sworn but were not allowed by the court to testify. The judge stated that he was entering judgment "on the pleadings" for defendant after hearing argument of counsel and examining the insurance policy issued by the defendant to McCarthy. Counsel for plaintiffs objected, saying he had not yet put on his case, to which the judge replied that the defendant "had no liability under his contract of insurance" because "he had already exhausted or exceeded the policy limit on this issue." The judge concluded: "[T]he matter in his Answers are proven and the matter you [plaintiffs] stated in your Reply are not proven." The hearing was terminated and judgment entered.

■ ■ It appears that two factual issues are presented by the pleadings, namely: (1) whether the defendant had previously expended sums in excess of the policy limits, and (2) whether that defense could be raised in view of the agreement between the defendant and the plaintiffs to pay the plaintiffs' claim. Neither of those issues can be resolved without a factual determination by the trier of fact. It is fundamental under our system of law that litigants have the right to produce witnesses and introduce evidence on controverted facts. Ill Const, art II, § 2 (1870); Shellabarger Elevator Co. v. Illinois Cent. R. Co., 278 Ill 333, 116 NE 170; Marr v. Marr, 43 Ill App2d 25, 192 NE2d 559. If the court had a sound reason for refusing to hear plaintiffs' witnesses, it is not disclosed by the record.

The judgment of the trial court is reversed and the cause is remanded for retrial and for such other and further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.