GIBRALTAR CORPORATION, Plaintiff-Appellant, v. FLOBUDD ANTIQUES, INC. et al., Defendants-Appellees—(FLORENCE J. BUDD, Intervenor-Appellee.)

(No. 54628;

First District—February 8, 1971.

Irving Lewis, of Chicago, for appellant.

Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of Chicago, (Frank C. Bernard, Edwin A. Rothschild, and Paul Horton, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiff, Gibraltar Corporation, sued to foreclose a trust deed conveying real estate in Cook County executed by defendant, Flobudd Antiques, Inc., a corporation. The trust deed secured a note executed by the cor-

poration in the amount of $50,000.00. Defendant corporation filed an answer alleging that the loan was usurious. In addition, the corporation filed an amended answer in which it alleged that it was created by plaintiff and its agents and attorneys for the purpose of practicing usury and to avoid the statutes of Illinois pertaining to usury and that an individual, Florence J. Budd, had conveyed the real estate in question to the corporation without consideration as a part of the transaction. A motion made by plaintiff to strike the amended answer was denied.

The trial court heard evidence and argument of counsel on a number of separate dates. Thereafter and on May 20, 1969, with leave of court, the individual, Florence J. Budd, filed her intervening petition. This petition, as did the amended answer of the corporation, alleged that Florence J. Budd had negotiated the loan from plaintiff; that she was in effect advised that she could not obtain the loan because of the high interest rate; that if she would permit plaintiff to form a corporation in her behalf this corporation could obtain the loan and that she conveyed the property to the corporation without consideration.

The trial court entered a decree and thereafter, on August 7, 1969, entered the amended decree appealed from. The amended decree found that the transaction was actually between plaintiff and the intervenor Florence J. Budd; that this transaction involved an unlawful and usurious rate of interest and that the intervenor was therefore entitled to recover from plaintiff an amount equal to twice the total of all interest, discount and charges involved in the loan plus reasonable attorneys' fees and court costs. After various computations, the decree found the sum of $5,726.96 due plaintiff from the intervenor. The court also found that the conveyance of the real estate to the corporation was without consideration and that the intervenor was the true and lawful owner of the real estate. The court also found and decreed that the transaction was a "corporate sham" created to avoid the usury laws of Illinois. Judgment as at law was, therefore, entered in favor of plaintiff against the intervenor for the amount due.

The record on appeal was field in this court on December 2, 1969. An abstract of record and plaintiff's brief were filed March 4, 1970. On October 20, 1970, pursuant to permission granted, Chicago Mortgage Bankers Association filed a brief and argument as *amicus curiae.*

This court allowed motions by the defendants and the intervenor for extensions of time within which to file their briefs on April 4, 1970; May 19, 1970; June 16, 1970; June 30, 1970; July 14, 1970; July 28, 1970; an alternative motion on August 25, 1970; and a final motion by stipulation on October 6, 1970, the briefs being due November 10, 1970. Despite

these various extensions and delays granted by us to counsel for defendants and the intervenor, no brief and argument has been filed by them.

On January 5, 1971, this court granted a motion by plaintiff that the cause be advanced for early oral argument despite the absence of any brief for defendants and the intervenor. Thereafter, on further motion of plaintiff, and upon due notice to all attorneys of record, this court set the cause for oral argument on Tuesday, February 2, 1971 at 2:00 P.M. At that time, counsel for plaintiff and for the *amicus* appeared but the court was not favored by the attendance of counsel for defendants or the intervenor or by any representation or communication on their behalf.

In view of the above circumstances, we have come to the conclusion that the amended decree appealed from should be reversed by this court *pro forma*.

We have given careful consideration to the scholarly opinion by Mr. Justice English of this court in *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264. The practice there suggested of granting a full review of every appeal on the merits before reversal, even without assistance from counsel for the appellee, is indeed a salutary rule. However, in the case at bar we will reverse *pro forma* for the following two reasons.

First, we see no reason why our already overburdened court should accept the further burden of necessary independent research without a brief and argument by the parties who were victorious below. This record has no suggestion of financial or other disability which would prevent the performance of this duty by counsel for defendants and the intervenor.

Second, no rules or body of law can long exist without sanctions. Orders of this court fixing time for the filing of briefs as well as pertaining to other matters are entered to be obeyed. This court has no other sanction which it can apply beyond *pro forma* reversal of the amended decree.

We wish to make it clear that this order does not entail a decision of the cause on its merits so that it may be cited as precedent in future cases. Nor is it to be deemed any criticism of the ruling of the trial court in the sense that we find and conclude that the decree appealed from was erroneously entered.

Accordingly, the amended decree appealed from, entered August 7, 1969, is reversed. The cause is remanded to the Circuit Court with directions to dismiss the intervening petition of Florence J. Budd for want of equity and to enter a decree of foreclosure in favor of plaintiff and

against defendants in accordance with the prayer of plaintiff's complaint, including interest at the rate specified and agreed upon, together with reasonable attorneys' fees and expenses of foreclosure.

Amended decree reversed and cause remanded with directions.

BURKE, P. J., and LYONS, J., concur.