DROVERS NATIONAL BANK OF CHICAGO, as Trustee Under Trust No. 5952 *et al.,* Plaintiffs-Appellees, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 54692; )

First District—June 1, 1971.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Marsile J. Hughes, Assistant Corporation Counsel, of counsel,) for appellant.

No appearance for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In this declaratory action, defendant, City of Chicago, appeals from a judgment of the Circuit Court of Cook County invalidating certain provisions of the zoning ordinance of the City as they pertain to the subject

property. The property is located on the south side of Chicago at the southeast corner of Pulaski Road and 77th Street. The City classified it under R-2 zoning, a single family residence district. The judgment appealed from would permit improvement of the property with an apartment building of eighteen units as authorized under R-4 zoning in a general residence district.

An appearance of counsel for the appellees was filed in this court on August 6, 1970. On August 12, 1970, on motion of these attorneys, an extension until October 19, 1970 was granted appellees for the filing of their brief. Since then no brief was filed and no further motion for extension was made. The cause was duly set for oral argument on May 17, 1971, and counsel for the appellees did not appear.

■■ We have decided to reverse the declaratory judgment *pro forma.* We are in accord with the general principle that a judgment should not be reversed by this court without consideration of the merits of the appeal. (*Lynch v. Wolverine Insurance Co.*, 126 Ill.App.2d 192.) However, potent and convincing reasons for *pro forma* action by this court exist here; precisely as in *Gibraltar Corp. v. Flobudd Antiques*, 131 Ill.App.2d 545, 268 N.E.2d 265. This court should not be burdened with preparation of an opinion without assistance from counsel who obtained the result appealed from. We note especially here that the beneficial owner of the subject property expressed the opinion that its value under the proposed use was from $40,000.00 to $50,000.00. A litigant with a financial stake of this type is presumptively under no financial disability such as would create inability to comply with the rules of this court. In addition, *pro forma* reversal is virtually the only sanction which this court can use in attempting to obtain compliance with its rules and order concerning filing of briefs. Furthermore, since the person who originally attacked the zoning ordinance has apparently abandoned his desired project, the public interest requires that the subject property be restored to its zoning *status quo* as determined by the municipal authorities. The judgment appealed from is, therefore, reversed.

Judgment reversed.

BURKE, P. J., and LYONS, J., concur.