*In re* Application of County Collector for Judgment and Order of Sale of Real Estate for Delinquent Taxes—(PETITION OF CESKA JEDNOTA INC. for TAX DEED, Respondent-Appellant, *v.* PETITION OF F. J. STRODE TO DISMISS PETITION, Petitioner-Appellee.)

(No. 55492;

First District—December 23, 1971.

Victor S. Peters, Jr. of Northfield, for appellant.

Mr. JUSTICE McGLOON delivered the opinion of the court:
Appellant, Ceska Jednota Inc., appeals from an order of the Circuit

Court dismissing its petition for a tax deed and expunging its attempted redemption of a subsequent tax purchase by F. J. Strode. Appellant argues that as the prior tax purchaser of the same lot, it had sufficient interest under Article IX, Section 5 of the Illinois Constitution of 1870 to redeem the property from a subsequent tax purchaser. Appellant also argues that its earlier tax purchase should be considered "complete" under a proper construction of Section 728 of the Revenue Act. Ill. Rev. Stat. 1963, ch. 120, par. 728.

We reverse.

A brief statement of the facts in this case is sufficient for our holding. On March 10, 1967, appellant's assignor purchased the real estate in question at the annual tax sale for the tax year 1965. Thereafter, the County Clerk furnished appellant's assignor with an estimate of redemption indicating that all general taxes were paid in full for all years prior to 1965. There was, in fact, an error in the County Clerk's records, and general real estate taxes for the years 1928 through 1964 were then unpaid. On June 6, 1968, the same real estate was sold to appellee, who made a small payment, in redemption of these prior unpaid taxes. Sometime in July, 1969, appellant learned of the unpaid general taxes on this real estate for the years 1928 through 1964. Appellant then tendered $288.65 to the Clerk as a redemption of the real estate from the sale to the appellee. The Clerk accepted this tender as a deposit for redemption.

After various proceedings in the trial court, in which appellant attempted to secure title to the real estate, the Circuit Court entered an order expunging his attempted redemption of the real estate from the sale to the appellee. It is from that order that this appeal is taken.

At no time during these proceedings did the appellee appear before this Court, file briefs or request an extension of time in order to answer to the cause now before us. Nor is it possible, either from the record or the proceedings in this case, to ascertain any reason why the appellee did not proceed with defending this appeal.

■■ We have often expressed our support for the proposition that cases before this Court should be decided on their merits. (*Daley v. Jack's Tivoli Liquor Lounge Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814; *Lynch v. Wolverine*, 126 Ill.App.2d 192, 261 N.E.2d 466.) However, this is not an inflexible rule. *Gibraltar Corp. v. Flobudd Antiques, Inc. et al.* (1971), 269 N.E.2d 515.

■■ In this instance appellee's petition for a tax deed was accepted by the Circuit Court as a result of a minimal bid at a tax redemption sale. In view of his complete lack of interest in this appeal, we believe that a

*pro forma* reversal is appropriate. See *Drovers National Bank v. City of Chicago* (1971), 273 N.E.2d 238.

Judgment reversed.

McNAMARA, P. J., and DEMPSEY, J., concur.