Jesus Valdivia, Plaintiff-Appellee, *v.* Emil Bertolozzi *et al.*, Defendants-Appellants.

(No. 58420;

First District (3rd Division)—April 4, 1974.

Melvin Saul Cahan, of Lurie, Orth and Cahan, Ltd., of Chicago, for appellants.

No appearance for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an action in which the plaintiff alleged that the defendants, adjoining property owners, had damaged the plaintiff's wooden fence which separated the plaintiff's and defendants' property. After a bench trial there was a finding for the plaintiff and damages were assessed at $150.

In this appeal the defendants argue that the plaintiff did not prove that they violated any duty owed to the plaintiff and, therefore, the

judgment should be reversed. The plaintiff has failed to appear or plead in this court.

We reverse.

In view of the plaintiff's failure to appear before this court, it is within our power to grant a pro forma reversal. (*Gibraltar Corp. v. Flobudd Antiques, Inc.* (1971), 131 Ill.App.2d 545, 269 N.E.2d 515.) However, we feel the better rule in the instant case is to decide the case on the merits. *Lynch v. Wolverine Insurance Co.* (1970), 126 Ill.App.2d 192, 261 N.E.2d 466.

Plaintiff and defendants own adjoining property in the city of Chicago. Along plaintiff's south lot line, where his property joins the defendants', there was a wooden fence. On December 3, 1971 the plaintiff sued the defendants, alleging that numerous cars pulling out of a self-service car wash located on the defendants' property struck the plaintiff's fence causing damage in the amount of $582.68. The plaintiff further alleged that the defendants had failed to provide adequate safeguards to protect the plaintiff's property and demanded judgment against the defendants.

At trial the defendant, Emil Bertolozzi, testified that he owned a self-service car wash on the property next to the plaintiff's building. Since the car wash was self-service he had no employees and only the car wash customers drove their cars around the defendants' property. Sometimes the car-wash customers would park near the plaintiff's fence in order to dry their cars. However, the defendant also testified that he never saw anyone drive a car into the plaintiff's fence, and did not know whether plaintiff's own tenants, who also used the lot to park their cars, or car wash customers caused damage to the fence. The defendant further testified that on December 30, 1971, he had installed a chain-link type fence along the north edge of his property. This fence cost the defendant approximately $900 to install. Shortly thereafter the plaintiff removed his wooden fence and at the time of trial all that separated the two lots was the new chain-link fence.

The plaintiff testified that although he did not know who was driving the cars on specific occasions, at various times collisions caused his fence to be damaged. The plaintiff admitted that his own building tenants sometimes parked their cars on defendants' lot near the fence, but nevertheless he believed the car wash customers were the ones causing damage to his fence.

After the introduction of an estimate of repairs in the amount of $582.68 obtained by the plaintiff, the trial court found for the plaintiff in the amount of $150.

■■ In this appeal the defendants urge a number of reasons for reversal, the most important of which is that the plaintiff failed to meet

his burden of proving the defendants negligent in not protecting plaintiff's fence. It is certainly a well-established principle of law that the possessor of real estate may not unreasonably interfere with the use and enjoyment of another's real estate or the fixtures and chattels thereon. (*Hicks v. Silliman* (1879), 93 Ill. 255, 264.) Stated in another way, the possessor of real estate must exercise ordinary prudence and care in the use of his property so as not to damage the property of his neighbor. Although it is true that ordinary care varies with the circumstances of each particular case (*Sims v. C.T.A.* (1954), 4 Ill.2d 60, 122 N.E.2d 221), it can be stated as a general rule that the law does not require an absolute or perfect knowledge of all dangers that may arise to others from a particular use of property, for the possessor is not an insurer to all the world against injury in any contingency, but only that a possessor of real estate exercise the same intelligence, prudence and care, in regard to his property for the security of others, that prudent men would do for their own. *Schwartz v. Gilmore* (1867), 45 Ill. 455, 459.

■■ The evidence in the instant case does not demonstrate any breach of the duty of ordinary care by the defendants. The uncontradicted testimony of the defendant, supported by photographic exhibits, showed that at a point approximately 4 feet south of plaintiff's lot line the defendants had installed concrete bumpers, which were bolted to the pavement, far enough away from plaintiff's fence so that 50-gallon oil drums could be placed between the bumpers and the fence. The record also contains the plaintiff's testimony that he did not know who hit his fence on various occasions, but believed they were car wash customers. Neither this evidence specifically, nor any of the other evidence adduced at the trial shows any breach of duty on the part of the defendants.

Our finding that there was no proof of defendants' breach of duty owed to the plaintiff, along with the fact that the damages awarded by the trial court bear no relation to the evidence of the amount of damage allegedly proved by the plaintiff, require this case to be reversed.

Judgment reversed.

McNAMARA, P. J., and MEJDA, J., concur.