FIRST CAPITOL MORTGAGE CORPORATION, Plaintiff-Appellant, *v.* TALANDIS CONSTRUCTION CORPORATION, Defendant-Appellee.

(No. 58657;

First District (2nd Division)—April 15, 1975.

*Rehearing denied May 21, 1975.*

John Bernard Cashion and Paul F. Davidson, both of Chicago, for appellant.

Morgan, Lanoff, Cook and Madigan, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, First Capitol Mortgage Corporation, filed a complaint for declaratory judgment against defendant, Talandis Construction Corporation. Plaintiff sought a declaration of the rights of the parties under a certain "Procurement Agreement" and an award of damages for the alleged breach of that agreement. After a bench trial, the trial court found that plaintiff was entitled to $19,403 and entered judgment on that finding. However, 2 months later, the trial court granted defendant's motion and vacated the judgment in favor of plaintiff and entered judgment in favor of defendant. Plaintiff appeals.

Plaintiff raises several issues on appeal. However, due to our disposition of this case, it is unnecessary to reach the merits of plaintiff's contentions or to detail the factual circumstances giving rise to this appeal.

■■. Plaintiff has taken all steps necessary to perfect its appeal. Defendant, on the other hand, appeared but failed to file a brief with this court, although it had been granted ample time in which to do so. Under such circumstances, we are permitted, in our discretion, to summarily reverse, or to examine the record and decide the case without the assistance of the absent party. *Ridge Manor Convalescent Home v. City of Chicago,* 4 Ill.App.3d 1077, 283 N.E.2d 272.

We have decided to reverse *pro forma*. We agree with the language found in *People v. Spinelli,* 83 Ill.App.2d 391, 393, 227 N.E.2d 779:

> "[Appellee's failure to file a brief] is regrettable since it leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled. Also, under this posture of the case, if this court is to proceed on its own initiative to determine the merits of the case, it must do so in the dual role of advocate and judge—a position abhorrent to any court."

This court should not be burdened with the preparation of an opinion without the assistance from counsel who obtained the result appealed from. (*Drovers National Bank v. City of Chicago,* 133 Ill.App.2d 254, 273 N.E.2d 238.) Such a result is especially appropriate where, as here, there is no report of proceedings available to reflect what persuaded the trial court to reverse itself.[1]

■■ Moreover, no rules or body of law can long exist without sanctions. Orders of this court fixing time for the filing of briefs, as well as pertaining to other matters are entered to be obeyed. One of the sanctions available to this court is a *pro forma* reversal. *Gibraltar Corp. v. Flobudd Antiques, Inc.,* 131 Ill.App.2d 545, 269 N.E.2d 515.

We emphasize that this order does not entail a decision on the merits. Nor is it to be deemed in any manner as a criticism of the ruling of the trial judge.

Accordingly, the judgment of the circuit court of Cook County is reversed. The cause is remanded with directions to reinstate the prior judgment in favor of plaintiff.

Reversed and remanded with directions.

LEIGHTON and HAYES, JJ., concur.

---

[1] No court reporter was present.