58

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALVIN FITZGERALD, Defendant-Appellee.

First District (4th Division) Nos. 60927, 60928, 60930 cons.

Opinion filed December 17, 1975.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and William J. Haddad, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellee in this appeal has failed to file a brief, which circumstances could justify a reversal *pro forma.* (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* 28 Ill.App.3d 684, 329 N.E.2d 412.) Having examined the record, however, we believe a review of this appeal on the merits is justified.

On June 13, 1974, a warrant was issued to search the store at 4100-4104 W. 16th Street, Chicago, Illinois. The basis for the warrant was an affidavit of Chicago policeman Thomas Dugan, in which the officer attested that a burglary suspect informed him that the suspect sold stolen goods to a person called "Big Shot" at Big Shot's store at 4100 W. 16th Street, on June 10, 1974. On June 13, 1974, two Chicago police officers proceeded to 4100 W. 16th Street to execute said search warrant. They did not enter when a burglary alarm began to ring. They requested the resident living in the flat above to telephone the defendant and tell him that the police were at his store. Defendant came to the store, and the officers handed him the search warrant.

While still outside Officer Driscoll noticed a "bulge" on the left side of defendant's person covered with a shirt, and it appeared to him to be possibly a weapon. Driscoll searched the defendant and found a .38-caliber revolver. To this time the search warrant remained unexecuted. The defendant was charged with unlawful use of weapons.

The defendant then opened the store and the search commenced. The police found certain items which constituted the basis for a second criminal complaint charging the defendant with receiving stolen property.

The trial judge ruled that the search was invalid because certain handwritten notations were made on the affidavit and on the search warrant, without being initialed, to-wit: "4104" was penned in above and after "4100" in the complaint for search warrant; the phrase "and storage area" was crossed out between the words "store" and "located" on the face of the search warrant; and "P.M." appears to have been corrected by pen to read "A.M." at the bottom of the warrant.

The defendant then wanted to go to his vehicle. Officer Dugan went with him. A brown paper bag was found on the front seat containing money and a 9-mm., nickel-plated, automatic gun. The defendant was

charged with a third criminal charge—a second unlawful use of weapons. The trial judge ruled that the gun obtained was inadmissible as evidence, and the third criminal charge was stricken.

The trial judge granted the defendant's motion to quash the search warrant and ordered the suppression of the items which were seized during execution of the search warrant and the gun seized from the paper bag after the execution of the search warrant.

The defendant was tried and convicted on the second gun charge and was put on court supervision for one year. The State appealed, presenting the following issues for review:

1. Whether a search warrant is fatally defective where it contains immaterial alterations that were made prior to its issuance; and

2. Whether the police who arrested the defendant on a gun charge outside his store before executing an allegedly illegal search warrant inside his store, had a basis to search subsequently a bag in the defendant's car, especially where he gave his consent.

We reverse the judgments of the trial court quashing the search warrant and suppressing the evidence seized.

■■ The description of the premises to be searched, with or without the handwritten interlineation of "4104" sufficiently apprised the police with a description of the place to be searched. The full, typewritten address in the complaint for search warrant reads "4100 W. 16th st., first-floor store; Chicago, Illinois." In the body of affiant's typewritten statement of facts in the complaint for search warrant, the premises were specifically described as: "4100 W. 16th St., which is a store called Community Reslae [sic] Clothing, Furniture and Appliances  *  *  *." These two descriptions, read together, sufficiently describe the premises to be searched, notwithstanding the interlineation of "4104." As was stated in *People v. Watson*, 26 Ill.2d 203, 206, 186 N.E.2d 326, the affidavit for the search warrant clearly described a "definitely ascertainable place so as to exclude all others."

■■ The defendant points to a second alteration—the hand-lined deletion of the words "and storage area" from line 5—of the search warrant. The warrant read: "The store and storage area located at 4100-4104 W. 16th street, Chicago, Illinois." The deletion of these words does not affect the substantial rights of the defendant.

The defendant also complains of a third alteration. At the bottom of the search warrant, the time of issuance reads "3:30 A.M." The defendant claims that it originally read "P.M." There is no evidence in the record

that the "P" was changed to "A" nor is such alteration apparent from the face of the warrant.

We agree with the argument of the State that any alleged alterations were superfluous and did not affect the substantial rights of the defendant. They were immaterial and did not affect the essential purpose of a search warrant: to enumerate reasonably a description of the place to be searched and property to be seized.

■■ Assuming that the trial judge believed that the seizure of the gun from the brown paper bag was improper because it followed execution of a purportedly invalid search warrant, the trial judge failed to notice certain facts. There was probable cause to arrest the defendant based upon the seizure of the first gun. The defendant was already in police custody before the paper bag was searched. In addition, the defendant voluntarily consented to the second gun search. The second gun seizure was the result of a search conducted incidental to a lawful arrest.

The judgments of the trial court to quash the search warrant and suppress the evidence seized are reversed.

Judgments reversed.

BURMAN and JOHNSON, JJ., concur.