GRUNDY COUNTY NATIONAL BANK, Plaintiff-Appellee, Cross-Appellant, *v.* MARSHALL MYRE, Defendant-Appellant, Cross-Appellee.

(No. 74-422; ▮▮▮▮▮▮▮▮▮▮)

Third District—December 23, 1975.

Peter Ferracuti & Associates, of Ottawa (Nancy Rink Carter, of counsel), for appellant.

Robert E. White, of Ottawa, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Grundy County National Bank brought an action in the Circuit Court of La Salle County against defendant Marshall Myre to collect accounts receivable assigned to the plaintiff bank by Ottawa-Grain Supply, Inc. Following a bench trial, the court entered judgment for $30,697.39 in favor of plaintiff. Defendant appeals from the judgment, and plaintiff cross-appeals from that part of the order which denied recovery of interest on the past due accounts.

Defendant, a farmer, made regular purchases of fertilizer, chemicals and other farm supplies from Ottawa Grain-Supply, Inc., and was Ottawa Grain's largest customer. Defendant dealt with the firm solely through the manager Gerald Schmanske, who was also his personal friend, and the purchases were charged to defendant's account. When Ottawa Grain encountered financial difficulties, it assigned its accounts receivable to plaintiff bank. Plaintiff brought this suit to collect the amount due on defendant's account plus interest on the unpaid balance.

Defendant alleged certain amounts to be set off against the balance due and denied any liability for interest.

On appeal, defendant contends that the judgment for plaintiff was against the manifest weight of the evidence, and that the trial court erred in refusing to permit defendant to re-cross-examine plaintiff's witness Schmanske following redirect examination.

Because we hold that denial of defendant's right to re-cross-examination was reversible error under the circumstances of this case, and that a new trial is necessary, we need not consider either the manifest weight question or the cross-appeal.

A brief summary of some of the evidence will demonstrate the circumstances involved in the case before us. Defendant alleged that the balance of his account was overstated by $18,500 which was the amount of a note dated July 23, 1970, and executed by defendant in favor of Ottawa Grain for fertilizer purchases made in early spring. Ottawa Grain assigned the note to Agri-Chemical, one of its suppliers, and defendant eventually paid off the note after it was reduced to judgment. Defendant now seeks credit for $18,500 against his Ottawa Grain account.

Schmanske testified on direct examination that defendant purchased a carload of fertilizer in 1970 which was not supposed to be charged to his account but which was to be billed to defendant by Agri-Chemical, and for which defendant signed the $18,500 note. On cross-examination, Schmanske stated that he could not tell from looking at defendant's ledger account cards (Plaintiff's Exhibits Nos. 1-5) whether the goods for which the note was given were charged to defendant on the ledger or not. He also said the carload of 6-24-24 fertilizer was only one part of the goods covered by the note. On redirect Schmanske for the first time testified to the purchases shown in code on defendant's ledger. He was asked to examine one ledger card covering May 1970 through April 1971 (Plaintiff's Exhibit No. 3) and stated that he saw no fertilizer purchases that would represent either a carload or a total of $18,500.

At the close of redirect, defendant was denied the right to re-cross-examination of Schmanske. In fact, a separate ledger card covering December 1969 through April 1970 (Plaintiff's Exhibit No. 2) shows purchases in excess of $20,000, including 50.15 tons of 6-24-24 fertilizer charged on March 23. By denying defendant the right to re-cross-examine on the matter of purchases appearing on his ledger account, defendant was unable to complete the examination of the ledger cards which showed that he had been charged the $18,500. Thus, he was refused an opportunity to counter the misleading testimony elicited on redirect which indicated that he had never been charged the $18,500.

■■ As a general rule, cross-examination of a witness is a matter of

right, but the extent and scope of the examination are within the sound discretion of the trial court. (*Alford v. United States* (1931), 282 U.S. 687, 75 L.Ed. 624, 51 S.Ct. 218.) The same rule applies to re-cross-examination. It has been said, "Where new evidence is opened up on redirect examination, the opposing party must be given the right of cross-examination on the new matter, but the privilege of re-cross-examination as to matters not covered on redirect examination lies within the trial court's discretion." *United States v. Stoehr* (3d Cir. 1952), 196 F.2d 276, 33 A.L.R.2d 836, 841. See also Hunter, Trial Handbook § 44:8 (4th ed. 1972); McCormick on Evidence § 32 (Cleary 2d ed. 1972).

When applying these general principles, Illinois courts have frequently recognized the broad discretion given to trial courts in regulating and limiting re-cross-examination. In *People v. Pieper* (1951), 410 Ill. 15, 101 N.E.2d 109, a witness had told what he knew of the crime charged, both upon direct examination and again upon cross-examination, and on redirect had answered that the State's Attorney had not told him what to say. The reviewing court upheld the ruling of the trial court which sustained an objection to a question on re-cross-examination asking what the witness had told the State's Attorney.

In *People v. Pagan* (1972), 52 Ill.2d 525, 288 N.E.2d 102, where the defendant attempted to reopen a matter on re-cross-examination which he had previously objected to and foreclosed on redirect, the trial court was held to have properly limited re-cross-examination to matters brought out on redirect.

Both *Pagan* and *Pieper* demonstrate appropriate restriction of the scope and extent of re-cross-examination by the trial court. In *People v. Buford* (1st Dist. 1971), 133 Ill.App.2d 287, 272 N.E.2d 738, the defendant first opened the door to new matter on redirect examination, and questions permitted on re-cross-examination which were within the scope of the redirect examination, were ruled to be proper.

■■ In the case at bar, defendant asked the court to allow a "couple more on recross, if I may," and the court responded "There is no recross." (Transcript, at 106.) Thus defendant was not given a chance to frame any questions on recross and was denied the right to cross-examine Schmanske about new matters brought out on redirect. This case must be distinguished from those where the trial court is alleged to have acted in abuse of its discretion in limiting the scope of recross; here the court refused to exercise any discretion at all. We believe the court was required, in the interest of fairness and expedition, to give defendant an opportunity to pose questions on recross in this situation. Whether any particular question is proper or relevant to his defense would be subject to the discretion of the court.

Since new matter had been brought out on redirect, and since the refusal to permit recross was clearly prejudicial to defendant's case, the ruling amounted to reversible error. For the reasons given, we reverse and remand for a new trial.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.