*In re* ESTATE OF HENRY DEMBUFSKY, Deceased.—(LEILA DEMBUFSKY, Petitioner-Appellee, *v.* ALYCE D. ZATZ, Ex'r of the Estate of Henry Dembufsky, Deceased, Respondent-Appellant.)

First District (1st Division)    No. 80-1390

Opinion filed October 14, 1980.

Arvey, Hodes, Costello & Burman, of Chicago (Joel S. Siegel and Glen M. Zatz, of counsel), for appellant.

Donald L. Johnson and William Biederman, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Alyce D. Zatz, executor of the estate of Henry Dembufsky, deceased, appeals from an order granting Leila Dembufsky (widow) a surviving spouse's award of $18,900. Ill. Rev. Stat. 1979, ch. 110½, par. 15—1.

The widow's petition alleged she is the surviving spouse and "[h]er condition in life is such that her reasonable needs and expectations to sustain herself total approximately $2100 per month." She further alleged there were no other parties dependent on the decedent for support during his lifetime and an award of $18,900 ($2100 per month for the 9-month statutory period) would neither burden the estate unduly nor deprive the legatees of anything to which they are entitled.

The executor filed an answer to the petition. She denied the widow's needs and expectations to sustain herself were $2100 per month and denied the sum requested would not unduly burden the estate. As a further defense, the executor alleged decedent's adjusted gross income for the year immediately preceding his death was $12,667; the exact value of the estate could not be determined at that time because ownership of certain assets by the estate was being contested by the widow; and the approximate value of the uncontested estate assets is $60,000. The executor averred an award of $18,900 would deprive other legatees of amounts to which they were entitled; and, therefore, the widow should be awarded the statutory minimum of $5000. In the alternative, the executor requested that the hearing on the widow's petition be postponed until after there had been a final determination as to which assets were owned by the estate.

At the hearing on the petition, the executor's counsel again asked the court to postpone the hearing until there was a final determination as to which assets belonged to the estate. The widow's counsel stated that if certain of those assets were later determined to belong to the widow, they would credit those items to the estate to offset the widow's award. The court proceeded with the hearing.

Upon direct examination by her counsel and by the trial court, the widow testified she had been married to decedent for 21 years. She itemized her monthly expenses which totalled $2175. However, no documentation of these expenses was offered in evidence. At the conclusion of her direct testimony, a discussion ensued between the trial court and both counsel as to the widow's intention to renounce decedent's will. After this discussion, the court awarded the widow $18,900. Immediately thereafter, the following exchange occurred:

> "MR. SIEGEL [executor's counsel]: Judge, no cross examination, no chance to ask her about her records?
>
> THE COURT: That is it. The lady's been married 17 years.

MRS. DEMBUFSKY: Twenty-one years.

THE COURT: The figure is in line with her expenses and what the statute provides for 9 months. You got it.

MRS. DEMBUFSKY: Thank you.

MR. SIEGEL: Judge, we ask for production of two documents at today's hearing. One was a lease, copy of a lease, and the other was a copy of her income tax returns for 1979. I would like to see that.

MR. JOHNSON [widow's counsel]: Your Honor—

THE COURT: I think it is in accordance with the statute, and with what you are entitled to, and what your expenses are. And that is all there is to it."

In this court, the executor contends the amount of the award is unreasonable, the trial court failed to consider the condition of the estate in determining the award, and the executor was denied due process because the court refused to allow the executor's counsel to cross-examine the widow or introduce evidence.

Under the view we take of this case, the issue of the propriety of the trial court's refusal to allow executor's counsel to cross-examine the widow is dispositive. We need not decide the other issues raised by the parties.

The pertinent statute provides the surviving spouse shall be awarded "such a sum of money as the court deems reasonable for the proper support of the surviving spouse for the period of 9 months after the death of the decedent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate * * *." (Ill. Rev. Stat. 1979, ch. 110½, par. 15—1(a).) The statute further states "[o]n petition of the surviving spouse * * * the court may hear evidence and may increase or diminish the award as justice requires." Ill. Rev. Stat. 1979, ch. 110½, par. 15—3(b).

In the instant case, the trial court did conduct a hearing and heard testimony by the widow on direct examination. However, the court did not allow cross-examination of the widow by the executor after full direct examination. In our opinion, requisite fairness was not afforded to the executor.

"A basic tenet of our jurisprudence is that a person should receive a fair and impartial hearing, with an opportunity to offer evidence and cross-examine witnesses." (*Golden Egg Club, Inc. v. Illinois Liquor Control Com.* (1970), 124 Ill. App. 2d 241, 244, 260 N.E.2d 329.) "The purpose of cross-examination is to obtain the truth." *Marut v. Costello* (1966), 34 Ill. 2d 125, 128, 214 N.E.2d 768.

In *Grundy County National Bank v. Myre* (1975), 34 Ill. App. 3d 287, 339 N.E.2d 348, a defendant was denied the right to recross-examination of a witness after completion of redirect examination. The court held this

was reversible error and ordered a new trial, stating (34 Ill. App. 3d 287, 288-89):

> "As a general rule, cross-examination of a witness is a matter of right, but the extent and scope of the examination are within the sound discretion of the trial court. (*Alford v. United States* (1931), 282 U.S. 687, 75 L. Ed. 624, 51 S. Ct. 218.)
>
> ❋ ❋ ❋
>
> In the case at bar, defendant asked the court to allow a 'couple more on recross, if I may,' and the court responded 'There is no recross.' ❋ ❋ ❋. Thus defendant was not given a chance to frame any questions on recross and was denied the right to cross-examine [the witness] about new matters brought out on redirect. This case must be distinguished from those where the trial court is alleged to have acted in abuse of its discretion in limiting the scope of recross; here the court refused to exercise any discretion at all. We believe the court was required, in the interest of fairness and expedition, to give defendant an opportunity to pose questions on recross in this situation. Whether any particular question is proper or relevant to his defense would be subject to the discretion of the court."

■■ Similarly, in the instant case we have a situation in which the widow, an adverse party to the executor, testified on direct examination as to her monthly expenses. Under these circumstances, the executor's counsel should have been allowed to cross-examine the widow. The trial court's award was based on the widow's controverted claim that her "reasonable needs and expectations" total $2100 per month. "It is fundamental under our system of law that litigants have the right to produce witnesses and introduce evidence on controverted facts." (*Lynch v. Wolverine Insurance Co.* (1970), 126 Ill. App. 2d 192, 195, 261 N.E.2d 466, citing *Shellabarger Elevator Co. v. Illinois Central R.R. Co.* (1917), 278 Ill. 333, 344, 116 N.E. 170.) We are dealing here with a situation where no cross-examination was permitted. This is far different from cases dealing with the scope or permissible extent of cross-examination.

The widow urges that since the above quoted statute provides "the court may hear evidence" on the petition of the surviving spouse (Ill. Rev. Stat. 1979, ch. 110½, par. 15—3(b)), it was within the trial court's discretion to determine the nature of the hearing and decide that an adversary proceeding with production of evidence and cross-examination of witnesses was not required.

■■ It is true the court may make an award without hearing evidence (*cf. In re Estate of Venturelli* (1977), 54 Ill. App. 3d 997, 1000, 1004, 370 N.E.2d 290). However, in the instant case the court did specifically order that a hearing take place on the widow's petition. Direct examination of the widow was completed. In our opinion, once the court did allow a

hearing on the contested issue of the proper amount of the widow's award and allowed the widow to introduce her testimony in support of the petition, principles of even-handed justice required the court to allow the executor's counsel to cross-examine the widow.

■■ Finally, the widow contends the executor failed to preserve her objections because she did not make an offer of proof as to the evidence she intended to present or indicate the purpose of the cross-examination. This argument has no merit. As shown above, executor's counsel did ask for an opportunity to cross-examine the widow and was refused. The objection was thus preserved. An offer of proof at this point, with reference to cross-examination, was not necessary. This principle was established as the law of Illinois over 100 years ago. Our supreme court has held (*Phares v. Barber* (1871), 61 Ill. 271, 275):

> "Counsel are not bound to disclose the object of questions upon cross-examination when the court can easily see that they are germane to the issue. In such case, it is not necessary to propose to the court to prove any particular fact. Such practice would destroy the power and defeat the ultimate purpose of cross-examination."

■■ Thus, we hold the denial of an opportunity for the executor to cross-examine the widow was reversible error under the circumstances of this case and a new hearing is necessary. Perhaps, by the time of such new hearing, the condition of the estate will be clarified.

We wish it clearly understood that the above opinion should not be construed as passing upon the propriety of a widow's award of $18,900 in the case at bar. We have decided simply and only, in the factual context of the case, the trial court could not properly have decided the issue without permitting cross-examination by counsel for the executor. The validity of the award cannot be determined without cross-examination, and the cause is remanded to the trial court for that reason.

The order appealed from is accordingly reversed and the cause remanded for further proceedings in accordance with the principles above expressed.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.